STATE OF NORTH CAROLINA v. RONNIE W. CARVER

No. 7322SC235

(Filed 23 May 1973)

**Constitutional Law § 32— refusal of court to appoint counsel — defendant not indigent — no error**

The trial court did not err in failing to appoint counsel for defendant who was charged with assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death where the evidence tended to show that the 21-year-old married defendant was not an indigent in that he was working and making $90 a week, buying an automobile and out on a cash bond, that defendant had more than four months from the time of his arrest to procure an attorney and prepare his case for trial but did not do so and that

even so the court then gave defendant time to get an attorney and upon his failure to procure one, gave him every opportunity to state his side of the case.

APPEAL by defendant from *Long, Judge,* 23 August 1972, Criminal Session of IREDELL County Superior Court.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, a felony in violation of G.S. 14-32(a) punishable by imprisonment for not more than ten years. The defendant entered a plea of guilty and was sentenced to imprisonment for a term of not less than two and one-half years nor more than four years in the common jail of Iredell County and assigned to work under the supervision of the State Department of Corrections.

The evidence on behalf of the State disclosed that on the evening of 31 March 1972 about 9:00 p.m., Melvin Lackey, accompanied by Kay Dancey, were in an establishment known as Hattie's located between Mooresville and Davidson. Lackey placed an order at the counter and then took the order and joined Kay Dancey in one of the booths. Another young man joined them, and then the defendant came over to the booth and inquired whether another boy had said anything to Lackey about him. Lackey told him that he had not, and then the defendant told Lackey that he did not like the strange look he had given the defendant's wife. Lackey at that time told him that he did not know the defendant or that he was married. Lackey then requested the defendant to leave the booth. Without further provocation the defendant reached in his coat pocket, took out an open knife and proceeded to cut Lackey extensively. It required some 200 stitches at the hospital to close the wounds received by Lackey.

Lackey swore out a warrant for the defendant's arrest on 3 April 1972; and pursuant thereto, the defendant was arrested on 12 April 1972. The defendant waived a preliminary hearing on 5 May 1972 and was released on a $750 cash bond. At the 21 August 1972 Criminal Session of Superior Court of Iredell County, the Grand Jury returned a true bill against the defendant charging him with a felonious assault.

The case was called for trial at 10:00 a.m. on Wednesday, 23 August 1972. Upon the call of the calendar, the defendant

stated to the court that he did not have an attorney to represent him, and he desired one. The court made inquiry of the defendant as to whether or not he was an indigent. The court found that the defendant was employed and had been regularly employed since April at wages of $90.00 a week; that the defendant was married, and his wife did not work and they had no children; that the parents of the defendant had an income of $10,000.00 a year; that the defendant owns a 1969 Ford automobile on which he was making monthly payments of $65.00 a month, and he owes no other bills. The trial judge then adjudicated that the defendant was not an indigent entitled to an attorney appointed by the court.

The court then continued the case until 2:00 o'clock that day in order to enable the defendant to employ an attorney.

Upon the call of the case in the afternoon, the defendant again informed the court that he desired an attorney. He stated that he had not gone to see an attorney but had telephoned one, and the attorney he had telephoned had agreed to represent him if he could get up some money.

Thereafter, without an attorney representing him, the defendant entered a plea of guilty. The defendant was questioned extensively by the court concerning his plea of guilty and indicated by his answers that he knew the charges made against him; the punishment therefor; and that he had had ample time and opportunity to have the case prepared. The trial judge then adjudicated that the plea of guilty entered by the defendant was entered freely, understandingly and voluntarily without undue influence, compulsion or duress and without any promise of leniency. The court thereupon ordered the plea of guilty to be entered of record.

At the conclusion of the testimony on behalf of the State, the court again inquired of the defendant as to whether or not he wished to go on the witness stand and testify. The defendant declined to do so. The court then inquired as to whether the defendant wished to tell the court his side of the affair without going on the witness stand in order to be of some help to the court before judgment was passed. The defendant again declined to tell the court anything about his side of the case, but among other things, stated, "I work everyday, pay bills like everybody else." He also told the court that the victim Lackey aggravated the defendant's wife. In this regard he

stated, "Like we'd be sitting there, he would come by and stop and stand and stare at her and wink." The defendant stated that he was twenty-one years of age, and there was nothing else he would like for the court to know about the affair.

Subsequent to the judgment entered, the defendant procured an order from Judge Collier appointing him counsel to perfect the appeal.

*Attorney General Robert Morgan by Assistant Attorney General Richard B. Conely for the State.*

*Collier, Harris, Homesley & Jones by Walter H. Jones, Jr. and T. C. Homesley, Jr. for defendant appellant.*

CAMPBELL, Judge.

The only question presented by this appeal is whether or not it was error not to appoint an attorney at the taxpayer's expense for the defendant. The trial court found that the defendant was not an indigent, and the evidence adduced at the trial was adequate and sufficient to support this finding. This twenty-one-year-old married man was working everyday, making $90.00 a week, buying an automobile, out on a cash bond, had more than four months from the time of his arrest to procure an attorney and prepare his case for trial. Despite all of this, he did nothing until the actual day of trial. Even then, the court leaned over backwards in order to assist the defendant and gave him time to get an attorney. He did not do so, and the court then gave the defendant every opportunity to state his side of the case. The record is replete with showing the defendant as being slow in looking after his legal matters and very negligent in this regard. We do not think there is any constitutional guarantee that will prevent a defendant from being negligent in looking after his criminal court cases. We find nothing in this record which indicates a violation of any of the defendant's constitutional rights.

The trial court went out of its way in an effort to be helpful, understanding and protective of the defendant. We find the defendant's trial to be free of prejudicial error.

Affirmed.

Judges VAUGHN and HEDRICK concur.